UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DANTEZ D. ALEXANDER,** | ) | CASE NO. 1:16 CV 922 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| **STATE OF OHIO,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

*Pro se* Plaintiff Dantez D. Alexander filed this action against the State of Ohio, the Ohio Adult Parole Authority and the Cuyahoga County Prosecutor. In the Complaint, Plaintiff asserts he was incorrectly charged with a post release control violation after he had completed all post release control sentences. He also asserts the Cuyahoga County Prosecutor pursued an indictment against him based on evidence obtained with an invalid search warrant. He seeks monetary relief and return of the property seized during the search of his home.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. (ECF No. 6). That Application is granted.

## I.  BACKGROUND

Plaintiff was convicted of armed robbery on April 12, 2007. He was sentenced to three years incarceration and five years of post release control. He completed his term of

incarceration and three months of his post release control when he was arrested on June 2, 2010 and charged with burglary. He was convicted of burglary and sentenced to one year incarceration and three years of mandatory post release control. He served the incarceration portion of his sentence and approximately three months of post release control when he was arrested on September 20, 2012 and charged with drug trafficking, drug possession, tampering with evidence and possession of criminal tools. He pled guilty to one count of drug trafficking, and one count of drug possession and was sentenced on January 4, 2013 to six months in jail. He was placed in the local residential sanction program.

Plaintiff was charged on December 28, 2015 with one count of drug trafficking, two counts of drug possession, one count of possession of criminal tools and two counts of endangering children. Three days later, he was charged with escape for violating the terms of his post release control sentence imposed for the burglary conviction.[1] On May 25, 2016, Plaintiff pled guilty to one count of drug trafficking, one count of possession of criminal tools and one count of endangering children. The other charges, including the charges for violating post release control, were dismissed. He is currently released on bond pending sentencing.

Plaintiff contends he should not have been charged with post release control violations because he does not believe he was on post release control in December 2015. He indicates that the trial judge in his robbery case vacated the post release control portion of his conviction on February 17, 2016, stating Plaintiff was not properly advised of the ramifications of post release

---

[1] The indictment for escape specifically references post release control imposed in Cuyahoga County Court of Common Pleas Case No. CR492921, which is the case in which Plaintiff was convicted of burglary. *See State of Ohio v. Alexander*, No. CR-16-603303-A (Cuyahoga Cty Ct. Comm. Pl. indict filed Feb. 16, 2016). Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

control. The judge pointed out, however, that Plaintiff was properly notified of his post release control sentences in the burglary case and that sentence is still in effect. Plaintiff challenges the propriety of his post release control sentence in the burglary case, claiming the judge did not impose post release control. He does not specify any legal claims in his Complaint, but seeks damages from the State of Ohio and the Ohio Adult Parole Authority for continuing to impose post release control for the burglary case.

Plaintiff also challenges his current pending criminal case. He claims the police executed an expired search warrant which led to the discovery of the evidence used to support his conviction. He alleges the Prosecutor took the case to the grand jury knowing that the warrant was invalid. Again, he does not specify a legal cause of action, but seeks damages against the Prosecutor for his actions.

## II.  LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*

*v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Failure to State a Claim**

As an initial matter, Plaintiff does not identify any legal claims he seeks to assert in this action. His Complaint consists only of a short narrative of facts. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from

sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the Courts] to explore exhaustively all potential claims of a *pro se* Plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that he may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state the federal claim or claims upon which Plaintiff intends to base his action.

**Eleventh Amendment**

Even if Plaintiff had identified a legal cause of action in his pleading, he could not obtain damages from the State of Ohio or the Ohio Adult Parole Authority. The Eleventh Amendment is an absolute bar to the imposition of liability upon a State or its agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

**Prosecutorial Immunity**

In addition, Plaintiff cannot proceed with an action against the Prosecutor for seeking an indictment from the grand jury. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). The Prosecutor must exercise his best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the Prosecutor is constrained in making every decision by the potential

consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a Defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the Prosecutor. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Taking a case to the grand jury to obtain an indictment is directly related to initiating a prosecution. The Cuyahoga County Prosecutor is entitled to absolute immunity for claims stemming from this action.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 6) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: June 10, 2016

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.